Our last case this morning is PHOENIX DIRECTV. This is an interesting case in that it is a case in which the apparatus is admitted to infringe the apparatus claims. However, the party for whom the system is custom designed, the party who is the only party... Counsel, there's no admission of infringement. I mean, you've got to make, use, or sell for there to be infringement, and DIRECTV doesn't agree to doing any of those things. With respect to... Not to make their argument for them, but you started off with a pretty strong statement. Well, with respect to an apparatus claim, it is admitted that all of the elements of the system are present, that are present in the apparatus claims. Does DIRECTV use them? DIRECTV does use them. That's the issue. Why do they use them? What's the test for their use? DIRECTV uses them because they place the system as a whole into operation. They do that over 500,000 times a day. Do they place the system into operation, or does the customer, when they make the call? DIRECTV places the system into operation because it connects its phone lines directly to the system. That's an interesting point. I would compare it to if someone... If you call a friend and you have a conversation on the phone, who's participating in the call? Who's using the phone system? Both sides of the call, both side parties to the call are using the phone system. In this case, it's a phone system that DIRECTV has specifically created and is the only party in the world who is authorized to use it. It's DIRECTV who can end the infringement by stopping using it. All it has to do is disconnect the calls. Because what Wes provided was merely a scaffold. It has no content. It has no context. It is DIRECTV's business rules that give it context. Can I ask a quick factual question? Am I right that the only thing you're alleging is use here? Why didn't you assert make? Because Wes makes the entire thing, and then you could have gone after DIRECTV as under-agency principles. Why instead have you hinged your entire case on use? Well, I think because in the early days of the case, we were saying that both the process claims and the apparatus claims were infringed. We simplified this appeal for purposes of this case just to focus on the apparatus so that we could remove the element of use from determining whether they use each step in the process. Okay, I manufacture a water bottle. I make the water bottle. I sell the water bottle to you. You fill it with water and drink out of it. Who's using the water bottle? I am using the water bottle, but I haven't manufactured the water bottle. Wait, I made it. I sold it. You used it. Why isn't that exactly what happens here? They make it via their agent, Wes. They sell it, possibly, if they are in fact selling this apparatus. I don't know. There's no allegations of that. But why are they using it? The customer is the one making the phone call and initiating the system. If nobody ever called, suppose they made this system. They put it out there, but no one ever dialed the phone number. Would there be a use? There would be a use, actually. No, nobody would be using it. No one ever called and initiated it, so there never was, in fact, in that case, the natural language engine doing this and that and the other thing, generating these signals and these other things. How would there be a use if no one placed the phone? The only reason I say there's a use is because of those cases, for example, where NASA launches a spacecraft and it doesn't use a backup system, but the system is on the spacecraft. And they still say that that's in use, even though it's just a backup. And so that's why I think that that's possibly still a use. But to answer the Court's question of why we did not allege making, I think that probably goes to the nature of the damages in the case. Why wouldn't you have said that your use of the water bottle is an infringing use? It's just that they sue the company that makes it. That's where the money is. That's where the damages are. The damage for one person using a water bottle is going to be so minimal that it makes no sense to sue them. That is true. And that is why we sued DirecTV. But why didn't you then allege that they make it? The problem is you've come to us only under my hypothetical. They're not the one using it. The customer is using it. You could go after them for induced infringement, contributory infringement, making it. The one thing where you can't go after them for, under my example, is using it. But that's the only thing you've come forward to us with. Well, making it would require that we know information that we only know now, and we would have to allege that at the time of the complaint. Can't you amend your complaint through discovery when you discover that they've had it made as an agent? That's true. And, in fact, you've sued West, right? So bring them into that suit. We have sued West separately, but not for the DirecTV cause at this point. I'm troubled because we have indirect infringement and we have direct infringement. This is a direct infringement. This is a direct infringement. And yet you're kind of performing an end run around the regular procedures for indirect and direct infringement. Because, again, if it was indirect, you'd have to prove some intent and there'd be knowledge requirements and things of that nature, which you're circumventing by saying DirecTV is a direct user. DirecTV is a direct user. Every day they use it 500,000 times a day to benefit... But DirecTV doesn't connect itself to the system. It connects its customers to the system. So it is not literally using the system. Well, that gets back to the fact that when a customer connects to the system, it orders a movie, it receives... They're the one who drinks out of the water bottle, right? You don't want to sue each one of them because there's no damages there. You want to sue DirecTV, but DirecTV is not directly using it. Its customers are using it. And so if you want to get DirecTV, it has to be indirect infringement. You've got to prove intent. I can't imagine... Am I missing something there? Where's my logic going wrong? I cannot imagine a more direct use than having someone call into the system and then receive a product from DirecTV. DirecTV then goes and sells something to that customer as a part of that phone call. That's a direct... Once again, DirecTV doesn't connect itself to the system and go through the audible prompts. It's the customer that... The customer doesn't know... ...goes through the prompts and makes the orders, etc., right? No. Because... Well, that's true. That's true. You're absolutely right. The customer goes through the prompts. But when it goes through the prompts, it's communicating with DirecTV. And so, and DirecTV is the person who provided the phone number to the customer so that the customer could then communicate directly with DirecTV and pay their bill and order a movie and... Aren't you... Getting back to my point, aren't you circumventing the requirement to prove intent under indirect infringement? I'm not addressing indirect infringement. That's true because I'm saying that when they... The test for direct infringement is placing the system into operation as a whole. And that's what it does. And so, it's not... The customer doesn't place the system into operation. West doesn't even do that. Once the system is set up, then it's up to DirecTV to channel the calls into the system and to respond to those calls. DirecTV decides how the calls are handled, where they're routed, how a call is responded to. All of those things are directly controlled. So, by DirecTV. So, if the test for direct infringement is, in fact, placing a system into service as a whole and receiving a beneficial use from that, then DirecTV is clearly a direct infringer. And I'd like to save the doubts. All right, fine. Thank you, Mr. Trojan. Mr. Peltz. Thank you. May it please the Court. The parties agree, use means put into service. The dispute is whether someone is responsible for direct infringement, strict liability under 271A. Whether that's appropriate only if the party itself uses, itself puts it into service, or instead whether it should be extended when that party is the but-for cause of someone else using, of someone else putting it into service. Well, DirecTV has told everyone that it's its system. Why don't we just hold them to that? Your Honor, the reason why y'all not... You can hold DirecTV to the fact that it's told its customers to call in an 800 number to get help. But the direct infringement of 271A does not find that conduct violative. That's not making, using, or selling. Instead, Your Honor, Chief Judge Rader, it's exactly what you said. Who's literally using? In just a moment, I'm going to erase this. It would be West, the multi-billion dollar IDR service provider who designed, built, manufactured, uses this pre-existing platform. Wait, you're saying West uses it? Well, Your Honor... West doesn't use it any more than you use it. It's the customer that uses it. That was the hypothetical I was posing. So don't attribute to me the notion that West, the multi-million dollar, whatever, is using it. I apologize, Your Honor, for my miscommunication on that. The key point is not who is the user. The potential user is here. Maker, user, seller. You've got to make, use, or sell. Okay? West, they could have... The panel here could have sued West for making, which is one of the suggestions in your questions to opposing counsel. Well, they could have sued you for making. They could have sued you for making. But the sort of conduct, Your Honor, that Phoenix has alleged here is inducement. It's aiding and abetting. It's the exact purpose of why Congress put 271C... Let me get a question in. Inducement? They didn't allege. You said the kind of conduct they're alleging is inducement. I thought that was the problem. If I remember right, the district court has findings of fact and conclusions of law in which he or she, I don't remember, she, says that there has been no allegation in this case of inducement. Is that right? Yes, Your Honor. Okay. That is correct. They didn't allege inducement liability. They've only alleged 271A use, direct infringement liability. My point was the sort of conduct that they are saying satisfies direct infringing use is the sort of conduct that this Court's cases have looked at in the context of indirect infringement. It's the purpose behind 271B, inducement. Does DIRECTV here create an agency relationship due to the apparent authority that authorizes its use, its customers' use under its name, and indeed they advertise themselves as not giving a phone number but a voice recognition system? They advertise it as their system. Is that creating an apparent authority that creates an agency relationship and makes you liable? No, directly. No, Your Honor, it does not. And the reason it does not is because the agency, the Court has made clear, Chief Judge, you authored the opinion in BMC talking about the extent of how agency would come into a direct infringement analysis. And even with agency being an issue, this Court cautioned in BMC that when a defendant participates in, and so that's what DIRECTV would be doing in advertising, participating in or encouraging infringement, but does not directly, directly make, directly use, directly sell, the normal recourse is indirect infringement. In the BMC, Your Honor, the Court went further and said, quote, expanding the rules governing direct infringement to reach independent conduct of a third-party supplier would subvert the statutory scheme for indirect infringement. That was consistent with Judge Rich because he pointed out in 1952 when Congress amended the Patent Act to specifically delineate a direct infringer who directly makes, uses, and sells versus an indirect infringer under Section B who induces or aids in a bet somebody else is making, using, and selling. Judge Rich said to hold liable the mastermind who plans the whole infringement and sits back and watches it happen, somehow managing himself to avoid making, using, or selling. That is what indirect infringement is all about. But that wasn't intended to be limiting. That was intended to enlarge the reach of the patent statute, to clarify previous cases that had left it up in the air. Let me ask you a procedural question. This is a summary judgment, and the motion for summary judgment was limited to use. Is that right? Yes, Your Honor, because that's what the complaint limited the allegations to in this case. So then the decision on this motion, if in your favor, is dispositive. None of the other issues are remaining in the case. Is that correct? Yes, Your Honor. That is correct. And if I may address your point about Congress codifying the state of the law, Your Honor is exactly right. In 1952, Congress was clear that it was codifying. But it was that codification of delineating the difference between, on the one hand, direct infringement, make, use, or sell, and on the other hand, inducing, contributing, aiding, and abetting indirect infringement, on the other hand. And the reason why it's so important to keep that distinction in mind is because of the penalties involved with direct infringement. Direct infringement is strict liability. And for that standard to be appropriate, it's most appropriate for the party who's acting, who has himself... I do think what the statute said is that these two forms, that is, including indirect or the contributory and other aspects, now there's a good deal of discussion about joint infringement, are not considered a lesser, less significant form of infringement. And that, again, as I understand it, is why they were included in the statute. I agree, Your Honor. It is not a less significant form of infringement. In fact, it carries with it the same damages. But it's a different form. And when it's indirect infringement, this Court and Congress has found it appropriate to require knowledge, to require intent. So that, exactly what happened here, in this instance... You're not saying there's no knowledge on the part of your client as to when the system is being used? That is correct, Your Honor. DIRECTV knows in the large, colloquial sense that West is using something to decipher callers' voices and understand what they're saying. But what the Court requires with knowledge and intent in indirect infringement is something more. And I believe, Your Honor, it's why Phoenix didn't allege it here. Because they would then have to prove that DIRECTV basically knew about the patents. And this was some sort of inducing scheme to get around it. And, Your Honor, there's no evidence of it. The Supreme Court in Keplinger... You're arguing indirect infringement? I'm sorry, Your Honor? You're discussing the issue of indirect infringement? No, Your Honor. I'm not. I'm about to discuss direct infringement. Because that's what was brought in Keplinger. It was direct infringement. The statute at that point only provided, Your Honor, for, on all intents and purposes, make-use-or-sale. It gave the patent holder the right to make-use-or-sale. And the Keplinger Court had to grapple with... The Supreme Court had to grapple with this exact same issue. Because there, the defendant contracted with a third-party supplier, a manufacturer, to make pocket watch chains. There, the pocket watch manufacturer, the third-party, could have chosen to use any machine it wanted to. There, the defendant was alleged to have provided to the manufacturer inputs. They provided the wire to make the watch chains. They provided a sample as to what the watch chain should look like. And they provided instructions as to how many strands to make in the chains, the quantity, and things of that nature. With all of those types of facts, the Supreme Court said that it would, quote, be an extravagant construction. I don't understand why that's relevant. It was in terms of there was a question of a separate machine that had nothing to do with the patent. Here we have a system in which every step is set out in the claims. Each step is not limited to how the particular step is performed. Your Honor, I believe the cases are identical. In Keplinger, it was an alleged infringing apparatus, a device that the manufacturer had control of, and that the customer never saw and never controlled. Here, it's the same thing. West, down in Omaha, has an accused device that is allegedly this infringing machine. It is DirecTV, just like the customer in Keplinger, has no interaction, no choice. When you say an infringing machine, you mean the software? In this case, Your Honor, Phoenix's patents have accused not only software, but they've also accused hardware, and they've accused architecture. And Judge Felser went through this analysis. And Judge Felser, in going through what Phoenix's patents claim, a particular type of linguistic analysis that's performed a certain way, a certain type of architecture that has load balancing, where there's an assessment of computational resources. And the reason why she went through that was because at that point, Phoenix was claiming that DirecTV directed and controlled method claims that are a mirror image of the system claims here. Mr. Peltz, if I hired Judge Moore to make computer chips, to sell computer chips, to use computer chips for me, do I escape full liability because I can say she's the one who did it? She's my agent. She's working for me. I hired her. She's doing everything. At my request, can I escape liability because I say, no, it's somebody else? No, Your Honor. In that instance, you wouldn't be able to escape liability because your question assumes she's working for you. What I'm talking about, is there an apparent authority that creates the same agency relationship in this case? No, there's not, Your Honor, because I believe this court's language, BMC, cautions about the dangers of conflating indirect with direct. And here, there is an arm's length independent contract relationship. But should you be allowed to hold yourself out as the owner, beneficiary, complete controller of this system, and then escape all liability? No, Your Honor. You wouldn't be able to escape all liability in that instance, but there's two things that could happen. One, you could be responsible for indirect infringement and inducing under the appropriate facts. That's where the court went to, in Judge Moore's example, of finding the end user, the actual user, like the customer. The court in NTP grappled with that. How do we know you're not my agent, as I said in my hypothetical? The way we know is twofold. One, we look at the contract. The contract says it's a services agreement. It defines West as an independent contractor, separate parties. Two, we can look at discovery. And we can see, are there any fact issues of agency? Independent contractor, you can get behind an independent contractor relationship if there's sufficient control over how the independent contractor goes about doing its business. And here, Judge Felser did that heavy lifting. She had to do it because of the method claims that were in the case at that point. But she went through the analysis and said, wait a minute. Phoenix is saying that DirecTV provides movie titles and provides customer information, provides hours of service. It should be 24-7 and things of that nature. But those have nothing to do with Phoenix didn't claim anything having to do with movie titles or anything having to do with hours of service. Can't apparent authority transform an independent contractor into an agent? In the right circumstances, Your Honor, it may. But I believe, Your Honor, that you need not reach that decision here because, first of all, the apparent authority general cases talk about only holding someone responsible. If it was because of that apparent authority that the court happened. Here, it's not because of DirecTV's conduct it happened. It's because West allegedly created this accused device, and they could have made a machine and done it any way they chose to do it. DirecTV didn't control those steps. That's the key. That's the intervening, if you will, or supervening in terms of general court principles, Your Honor, that would apply here. Counsel, are you saying, go back to the basics of use, are you saying West is using the system? Your Honor, I'm saying that Phoenix may be user cell. The makers and sellers may be the software that West is employing. It's by a company called Duance. In terms of use, West potentially, yes, Your Honor, could be deemed a user because they did make it. It has nothing to do with using it. Counsel, there are three distinct things. West made it. West maybe arguably sells it. I doubt it, but maybe. But is West using it, or is the customer using it? This court decided not to reach that question. I'm not talking about what the court did. I'm asking you. Why is it using it? Is it West or the customer pick? Your Honor, we believe it's West, but it could be the customer. In either event, DirecTV's responsibility would be then for indirect infringement. It would be for inducing its customer. Why is West using it? If no customer ever calls, the system is never used. So why is West the one using it? West has a preexisting platform, and it provides these voice recognition services not only to DirecTV, but to lots of companies throughout the country. So in that sense. But Your Honor is right. In the hypothetical of nobody calling from any of the other customers as well, the system would have been made and sitting there and not ultimately be put into service. So in that hypothetical, Your Honor, it would only be an end-user's call that actually starts the thing running. And that's when, while the court didn't decide to issue an NTP, it assumed, because the jury did, that the end-users were manipulating the handheld devices and RIM was being found responsible for inducing its customers. That was the theory of infringement, not RIM itself being the direct infringer. Thank you, Mr. Peltz. Mr. Trojan, you have five minutes remaining. We'll add two minutes to that, and our time will be even. You may proceed. Thank you, Your Honor. I think the key here is that more than one party to the transaction can be abusing. I don't think there's anything in the statute that says pick the user. So even though the customer is using the system, there's someone else on the other side of that call, DirecTV, that put the whole system into service. And under NPT, that's the test for use. Does this issue of apparent authority that I was discussing with Mr. Peltz create an issue of fact that requires revisitation? Would a reasonable person consider that DirecTV is, in fact, that West is actually acting as DirecTV's agent? Is that an issue of fact? I think it's clear on this record that they are, that DirecTV—West cannot— I don't think anything's really clear on this record, but I think that you may have an issue of fact. Well, certainly, West doesn't do anything to the system without the principal, DirecTV, telling it it's okay. DirecTV sets up the business rules. West can't write those rules into code without DirecTV's permission. When they write the code, they have to get the permission of DirecTV before they're installed. But DirecTV is not operating the system, right? They're not operating—they're hiring them to operate the system. That's the question, as to whether or not that West is acting as DirecTV's agent. Correct, and that's the focus of the amicus brief, that under normal rules, they— You want to say, I understand, that they're the agent and we ought to hit them right on the spot. I'm making a different argument, which is that I don't think you can say that when the contract says independent contractor. And the only way you can bridge that gap is with an apparent authority argument, which I'm not sure if you embrace or not. Well, they certainly had the apparent authority to create those parts of the system that DirecTV did not specifically instruct them to do. And that's the whole issue that the district court, we believe, erred on this issue, because the district court said that every step had to be put by the guiding hand of DirecTV. And that that additional layer of control over the agent isn't required if, in fact, there is apparent authority for them to act. And so certainly, at the very minimum, I think there would be a tribal issue as to apparent authority. And certainly, I believe there was an error of law with respect to that issue that we would have to prove that DirecTV instructed West with respect to every element of the claim. That would not be true. Unless there's any further questions. Thank you very much. All rise.